UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROMAN LEE JONES,

    Plaintiff,

    v.

CAPTAIN DURR, *et al.*,

    Defendants.

Cause No.: 3:23-CV-945-PPS-JEM

## OPINION AND ORDER

Roman Lee Jones, a prisoner without a lawyer, filed a complaint in state court, which was removed to federal court pursuant to 28 U.S.C. § 1441(a) because it asserts claims under the U.S. Constitution. [DE 1; DE 4.]

After the case was removed, Captain Jason Durr, Sergeant Charles Lambert, and Assistant Superintendent Jacqueline Scaife ("Defendants") filed a motion requesting an extension of time to answer the complaint until it is screened under 28 U.S.C. § 1915A. [DE 5.] There was no need for them to file this motion, however, because they have no obligation to file an answer unless and until Mr. Jones is granted leave to proceed on a claim under 28 U.S.C. § 1915A. Mr. Jones responded by filing his own motion, in which he objects to Defendants' motion and asks that I bypass the screening procedure and set a scheduling order because the case was already screened in state court. [DE 7.] I have considered whether Mr. Jones' motion might be deemed an objection to removal, but he

has not identified any procedural deficiency in the notice of removal,[1] and I find that the complaint raises claims that trigger federal subject matter jurisdiction. His request to bypass screening cannot be granted, because now that the case is in federal court it is subject to federal rules and procedures, which includes the screening procedure set forth in 28 U.S.C. § 1915A. Both motions will be denied.

Turning to the complaint, I must determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Jones is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Jones is an inmate at Miami Correctional Facility ("MCF"). He claims that on August 22, 2021, he went to lunch in the prison dining hall. He waited for his food for approximately 35-40 minutes, during which time he watched inmates from other cellhouses "get their food and leave." He was receiving a special Kosher diet, so he

---

[1] To the extent he argues that the Defendants did not move promptly enough to remove the case, the docket reflects that they were served on September 29, 2023, and October 2, 2023, and filed their notice of removal on October 27, 2023, which was within the 30 days allowed by the removal statute. *See* 28 U.S.C. § 1446(b)(2)(B).

could not just "walk through" the food line with the other inmates. Instead, he had to wait for his food to be brought to him. It appears he became frustrated by the wait and decided to stand up "to stretch." Sergeant Lambert saw him standing up at the table (which was apparently a violation of protocol) and allegedly told him to leave the dining hall. He told Sergeant Lambert that he had a "Federal Court Order" requiring that he receive his meals. Sergeant Lambert told him again to leave the dining hall. He complied, and on the way out he saw Captain Durr. He told Captain Durr that Sergeant Lambert was violating a court order, to which Captain Durr just "shrugged his shoulders." He later filed a grievance with Assistant Superintendent Scaife about the incident, who responded that she would "try to assure that I don't wait that long again" for meals. He felt that this response was inadequate.

He sues Sergeant Lambert, Captain Durr, and Assistant Superintendent Scaife for interfering with the exercise of his religion and denying him food in violation of the First and Eighth Amendments. He additionally claims "the Defendants, individually and acting as a group are not being held accountable from previous lawsuits." He seeks damages for pain and suffering, "back pay," and other relief.

As a preliminary matter, he refers throughout the complaint to the Defendants violating a federal court order. He does not provide details, but I can gather from public records that he is referring to *Jones v. Commissioner*, 1:16-CV-2887-WTL-MJD (S.D. Ind. closed Aug. 8, 2017), a civil rights suit he brought in the Southern District of Indiana against the Commissioner of the Indiana Department of Correction. He was represented

by the American Civil Liberties Union in that case and claimed he was not receiving Kosher meals that satisfied his religious need for meat. Following a bench trial, the court entered a permanent injunction requiring that "the Defendant shall provide the Plaintiff with halal or kosher meals three time[s] a day," and setting other specifications about the diet he was to receive. [DE 54, Cause No. 1:16-CV-2887-WTL-MJD (S.D. Ind. closed Aug. 8, 2017).] If Mr. Jones believes that the terms of the court's order have been violated, the appropriate course would be to raise the matter with that court through his attorney, not to bring a new lawsuit in a different judicial district.

Based on what he has alleged in this lawsuit, he has not stated a plausible constitutional claim. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission result[s] in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, the denial of food does not automatically amount to an Eighth Amendment violation, and instead "a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (internal citation omitted).

On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, *i.e.*, 'the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Farnham*, 394 F.3d at 478 (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020) (citing *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015)). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021) (citing *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)).

Mr. Jones does not claim that he is being denied a nutritionally adequate diet. Rather, he describes an incident in which he missed a meal. This is not the type of extreme deprivation of food that would support an Eighth Amendment claim. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (inmate who "sometimes missed the morning meal" did not state Eighth Amendment claim for denial of adequate diet). Nor can I plausibly infer that Defendants were deliberately indifferent to his need for a nutritionally adequate diet simply because he was told to leave the dining hall without getting a meal on one occasion. Additionally, as to Assistant Superintendent Scaife, by

Mr. Jones' account, she recognized his need for appropriate meals and said she would take steps to ensure he didn't have problems in the future. He does not provide any factual content about subsequent events for me to plausibly infer that she didn't take his concern seriously.

He states that there were other incidents wherein he had problems with his meals, but they allegedly occurred between September 2019 and July 2021, before the incident with Sergeant Lambert and his complaint to Assistant Superintendent Scaife. Assuming a claim about these incidents is timely,[2] he mentions a handful of problems with his food trays over the course of a two-year period, during which time he would have received thousands of meals, and does not describe any negative impact on his health. These allegations do not trigger an Eighth Amendment claim. *Jaros*, 684 F.3d at 671. There is also no indication that Defendants were involved in these earlier incidents, and they cannot be held liable for the wrongdoing of other prison employees. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He has not alleged a plausible claim for deliberate indifference to his need for a nutritionally adequate diet against any Defendant.

He additionally claims a violation of his First Amendment right to exercise his religion. "The Free Exercise Clause prohibits the state from imposing a substantial

---

[2] His complaint was filed in state court within two years of the August 2021 incident, but these other events occurred outside the two-year limitations period that applies to claims brought under 42 U.S.C. § 1983. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Nevertheless, a claim regarding continuous problems with his meals could be timely under the continuing violation doctrine. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). Because the statute of limitations is an affirmative defense, I will not explore the matter further at this stage. *Cancer Found., Inc. v. Cerberus Cap. Mgmt.*, 559 F.3d 671, 674 (7th Cir. 2009) (dismissing a complaint as untimely at the pleading stage is warranted only when it is "clear from the face of the complaint" that the claims are "hopelessly time-barred").

burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (cleaned up). Prisons may impose restrictions on the exercise of religion that are reasonably related to legitimate penological objectives, which includes safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Additionally, "[d]e minimis burdens on the free exercise of religion are not of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (collecting cases).

As outlined above, Mr. Jones claims that he missed a meal due to his dispute with Sergeant Lambert. There is no indication that missing this one meal was anything more than a de minimis burden on his religious practice. He was not forced to eat foods that violated his religious principles; he was simply prevented from eating lunch. As stated, he makes general reference to other incidents of problems with his food, but based on what he has alleged I cannot determine whether these problems placed a substantial burden on his religious practice. He has not alleged a plausible First Amendment claim.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by preventing the state from placing a substantial burden on any aspect of one's religious practice, regardless of whether it is central to the religion. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). However,

RLUIPA only provides for injunctive relief against state actors and not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). As outlined above, Mr. Jones does not sufficiently allege a substantial burden on an aspect of his religious practice, nor does he ask for any injunctive relief related to his meals.[3] [*See* DE 4 at 9-11.] Additionally, the last incident he describes in any detail occurred in August 2021, and I cannot plausibly infer that he has an ongoing problem with his diet that would entitle him to injunctive relief under RLUIPA.

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, I will allow him an opportunity to file an amended complaint if, after reviewing this order, he believes he can state a claim based on these events, consistent with the allegations he has already made under penalty of perjury.[4] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the Court:

(1) **DENIES** the defendants' motion [DE 5) as unnecessary;

(2) **DENIES** the plaintiff's motion [DE 7];

---

[3] I note that he labeled his pleading, "Complaint for Damages." (ECF 4 at 1.) He asks for certain forms of injunctive relief, but they pertain to the processing of grievances, the handling of his mail, and other matters.

[4] He recently filed a document labeled, "Notice to the Northern District Court," in which he describes another incident related to his food that allegedly occurred after he filed the original complaint. He cannot amend his complaint in a piecemeal fashion. Instead, the Local Rules require that an amended pleading "reproduce the entire pleading as amended" rather than simply incorporating a prior pleading by reference. N.D. IND. L.R. 15-1. In other words, he must submit an amended complaint that is a complete document. If he has additional claims he wishes to raise, he can include them in the amended complaint.

(3) **GRANTS** the plaintiff until **December 29, 2023**, to file an amended complaint; and

(4) **CAUTIONS** him that if he does file an amended complaint by the deadline, this case is subject to dismissal without further notice pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on November 27, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT