UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROMAN LEE JONES,

           Plaintiff,

           v.                                  Cause No.: 3:23-CV-945-PPS-JEM

JASON DURR, *et al.*,

           Defendants.

**OPINION AND ORDER**

Before me is an amended complaint by Roman Lee Jones, a prisoner without a lawyer. [DE 13.] This is his third attempt to state his claims. I screened his original complaint, which alleged that he was forced to leave the prison dining hall in August 2021 without receiving a meal and determined that it did not state a claim for relief. [DE 9.] I afforded him a chance to file an amended complaint before dismissing the case under 28 U.S.C. § 1915A. *Id.* He filed an amended complaint, but it was not on the right form and was also confusing. [DE 12.] This filing was stricken, but I granted him an additional opportunity to file an amended complaint. *Id.* He responded with the present filing.

I must screen the amended complaint and determine whether it asserts claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Jones is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As with his earlier pleadings, Mr. Jones claims that he was forced to leave the prison dining hall at Miami Correctional Facility ("MCF") on August 22, 2021, without receiving his lunch. He claims that he was waiting for his food, which had to be specially prepared because he receives a Kosher diet. He became frustrated by the wait and stood up from the table. Sergeant Charles Lambert saw him standing up (which was apparently a violation of protocol) and told him to leave the dining hall. He told Sergeant Lambert that he had been waiting for his food for 35-40 minutes. Mr. Jones claims he conveyed this information in a "calm manner," but Sergeant Lambert allegedly became upset and told him, "[T]hat is it," and to leave the dining hall.

He complied, and on the way out he saw Captain Jason Durr. He told Captain Durr that Sergeant Lambert was denying him food but Captain Durr just "shrugged his shoulders." He later filed a grievance with Assistant Superintendent Scaife about the incident. She responded: "I can't speak on the conversation between the staff person & you but I can say you are absolutely correct on the amount of time you sat there waiting on your meal. We will get better as we move to the end of this pandemic." [DE 13-1.] He felt that this response was inadequate. He claims that Assistant Superintendent Scaife,

2

Captain Durr, and Sergeant Lambert all violated his right to adequate food under the Eighth Amendment and to his right to a religious diet under the First Amendment. He seeks compensatory damages of $1,000, punitive damages totaling $200,000, and other relief.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. Inmates are entitled to adequate food to meet their nutritional needs. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). However, the denial of food does not automatically amount to an Eighth Amendment violation, and instead "a court must assess the amount and duration of the deprivation." *Id.*

On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Mr. Jones does not plausibly allege that he was denied the minimal civilized measure of life's necessities. Rather, he describes an incident in which he missed a meal. This is not the type of extreme deprivation of food that would support an Eighth Amendment claim. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (inmate who "sometimes missed the morning meal" did not state Eighth Amendment claim). Nor can I plausibly infer that Sergeant Lambert or Captain Durr were deliberately indifferent to his need for adequate food simply because he was told to leave the dining hall without getting a meal on one occasion. As to Assistant Superintendent Scaife, the complaint reflects that she recognized his need for adequate food and essentially told him that prison staff would do better in the future to provide his meals promptly. I cannot plausibly infer from his allegations that she didn't take his concern seriously or otherwise turned a blind eye to his need for adequate food.

He makes a vague reference to also being denied dinner on February 1, 2024, but does not provide any information in the complaint about what happened on that date. However, a grievance he attaches to the complaint reflects that, by his account, he went to the dining hall with the rest of his dormitory on that date but noticed his meal was not on the table. [DE 13-1.] He spoke with someone he identifies as "staff" about the problem and this individual allegedly told him he would make a call to find out where his meal was. He still did not receive it, however, and later asked an unidentified

4

female staff member about his meal. She allegedly told him that he would not be getting any dinner. There is no indication from his allegations that any of the three named Defendants were involved in this incident, nor can I plausibly infer that either of the two unnamed staff members acted with a mental state akin to criminal recklessness. *See Thomas*, 2 F.4th at 722. Even if I presumed he was wrongfully deprived of dinner on this date, missing a few meals during a three-year period is not the type of severe deprivation that would violate the Eighth Amendment. *See Jaros*, 684 F.3d at 671. He has not alleged a plausible Eighth Amendment claim.

He also invokes his right to the free exercise of religion under the First Amendment. "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (citation and internal quotation marks omitted). The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers somewhat broader protections by preventing the state from placing a substantial burden on any aspect of an inmate's religious practice, regardless of whether it is central to the religion. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Nevertheless, prison officials may impose restrictions on the exercise of religion that are reasonably related to legitimate penological objectives, which includes safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). Additionally, "[d]e

minimis burdens on the free exercise of religion" are not actionable. *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999).

Mr. Jones at best describes two incidents in which he missed a meal for isolated reasons. There is no indication that missing these meals substantially burdened his religious practice, as he was not forced to eat foods that violated his religious beliefs; he was simply prevented from eating on two occasions. Nor can I plausibly infer from the two isolated incidents he describes that he has an ongoing problem with his receipt of a religious diet that might entitle him to injunctive relief under RLUIPA.

Therefore, his complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Given the number of amendments that have already been made, I find no basis to conclude that if given another opportunity, he could assert a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the case is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is **DIRECTED** to close this case.

**SO ORDERED** on March 11, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT